WILLIAMSON, AUDITOR OF STATE, ET AL. *v.* CIVIL CITY OF HUNTINGTON.

[No. 15,076. Filed June 18, 1935. Rehearing denied October 18, 1935. Transfer denied January 7, 1936.]

*Philip Lutz, Jr.,* Attorney-General, and *Ralph E. Hanna,* Assistant Attorney-General, for appellants.

*George M. Eberhart,* and *Claude Cline,* for appellees.

KIME, J.—This was an action on a verified petition of Guilford Morrow, as receiver of the Huntington Trust and Savings Bank of Huntington, Indiana, for a determination as to how much of the funds of the Civil City of Huntington, in said banking institution at the time of its closing, was a proper claim payable out of the state sinking fund for public deposits. The petition was filed under the provisions of Section 9, Chapter 33, Acts of 1932, following a decision by the Auditor of State and Attorney-General as members of the board to pass on such matters and objections made to such decision by the Civil City of Huntington. The said Auditor and

282

Attorney-General found that the Civil City of Huntington had on deposit, on the date of the closing of the bank, $16,510.93, which was "new money," that is, money deposited after January 1, 1933. To said decision the Civil City of Huntington made objections for the reasons (1) that the decision is contrary to law and (2) that the decision is contrary to the evidence, and asked that the matter be deferred to the Huntington Circuit Court as provided by law.

A petition was then filed by the receiver, pursuant to section 9, Chapter 33, of the Acts of 1932 asking the Huntington Circuit Court to hear the petition and determine the matter according to law, which petition alleged that the Huntington Trust and Savings Bank closed its doors and suspended business on January 20, 1933, at which time the Civil City of Huntington had a balance of "new money" on deposit with said bank of $35,410.73, which should be allowed and paid as a claim out of the state sinking fund for public deposits, whereas, the decision of appellants, Auditor of State and Attorney-General only allowed said civil city the sum of $16,510.93 payable out of said fund. The petitioner attached as exhibits, and incorporated in his petition, said decision of the appellants and the written objections of the civil city thereto. The cause was submitted on the verified petition of the receiver and evidence was heard.

The evidence disclosed that the the close of business on December 31, 1932, the Civil City of Huntington had on deposit in a checking account with the Huntington Trust and Savings Bank $1,403.47 and that it had on that date five certificates of deposit in the same bank, totaling $20,659.06; that on January 3, 1933, all these certificates of deposit were cashed and deposited in the same bank in a checking account; that on said date the bank's records showed $1.30 to the credit of the Civil

City of Huntington as "old money" and $35,410.73 as "new money."

The court found for the appellees and entered a judgment that the sum of $35,410.73 on deposit in the Huntington Trust and Savings Bank at the time it closed and went into the hands of the receiver was "new money" belonging to the Civil City of Huntington and payable from the state sinking fund and ordered the Auditor of State to issue a warrant to the treasurer of the City of Huntington for said amount of $35,410.73.

The overruling of the motion for a new trial, on the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law, is the only error properly assigned.

The question to be decided by this court is, did the transaction of January 3, 1933, with reference to the amounts represented by the five certificates of deposit being placed to the credit of the City of Huntington in its checking account constitute a "deposit" within the meaning and intent of Chapter 33, Acts of 1932?

In determining the intent of the legislature in passing the above act we must take into consideration all and every part of the act, including the Act of 1907 referred to therein, and if one part of the statute is susceptible of two constructions and the language of another part is clear and definite and is consistent with one of such constructions, and in conflict with the other, that construction which will render all clauses harmonious must be adopted. 59 C. J., §597, page 1002, and cases there cited. See also Lewis' Sutherland Statutory Construction, §§ 374 and 375.

Acts of 1907, Chapter 222, §15, page 391, as amended in 1909 and 1931, being §61-612, Burns 1933, §13816, Banks-Baldwin 1934, provides the method by which banks may become depositories of public funds and in reference to interest to be paid on

deposits made by the holders of public funds says: ". . . . and agree to pay interest at the rate of two [2] per cent per annum on the minimum balance of deposit for each one-month period, such interest to be computed and paid on the last day of each month of each year, and *upon semi-annual time deposits,* two and one-half [2½] per cent per annum and *upon annual time deposits* three (3) per cent per annum. . . ." (our italics). Thus it can be seen that deposits under this statute include time deposits as well as other deposits.

Section 2 of Chapter 33, page 142, Acts of 1932, reads as follows:

"Such state sinking fund shall be created to secure the payment of all public funds deposited in any depository in this state under and pursuant to the terms and conditions of the 'public depository act of 1907 and all acts amendatory thereof and supplemental thereto.'

"On and after the first Monday in January, 1933, any sums in such state sinking fund shall be available for the payment of the deposits of the State of Indiana and all political subdivisions thereof which shall have deposited funds in any depository in this state under and pursuant to the terms and conditions of the 'public depository act of 1907 and all acts amendatory thereof and supplemental thereto,' and which depository shall have failed or gone into voluntary liquidation or for any other reason shall have suspended the payment of deposits; *Provided, however,* That such sums in such state sinking fund on and after the first Monday in January, 1933, shall not be available for the payment of deposits in such depositories as shall have suspended payment if the deposits were made by the State of Indiana or any of its political subdivisions prior to the first Monday in January, 1933, but the payment of such deposits shall be secured as they were secured at the time of deposit; and, *Provided, further,* That for the purposes of this act all deposits made prior to the said first Monday in January, 1933, shall be designated as

'old money,' and all deposits made on or subsequent to such date shall be designated as 'new money,' and whenever on or subsequent to said first Monday in January, 1933, any public depository shall have both 'old money' and 'new money' on deposit by the State of Indiana or any of its political subdivisions, all withdrawals of money by such public depositors after the first Monday in January, 1933, shall be withdrawals of 'old money' until the amount thereof on deposit shall be exhausted; thereafter, but not before, the obligation of any bond for the repayment of such 'old money' shall be released, and the title of the State of Indiana or any of its political subdivisions to any securities deposited by any depository to secure the repayment of such 'old money' shall be divested and such securities returned to such depository; the payment of all 'new money' shall, however, be secured by the terms of this act."

(d) under §16 of this act (p. 151) says "The term 'public deposits' means all moneys deposited in any depository in this state under and pursuant to the terms and conditions of the 'public depository act of 1907 and all acts amendatory thereof and supplemental thereto.'"

The record discloses that "It is stipulated by and between the parties that all and several of the sums of money herein referred to were deposited by the said Civil City of Huntington, Indiana, in the Huntington Trust and Savings Bank in full compliance with the provisions of the public depository act of 1907 and acts amendatory thereof and supplemental thereto."

The first grammatical paragraph of Section 2 specifically says "Such state sinking fund shall be created to secure the payment of all public funds deposited in any depository in this state under and pursuant to the terms and conditions of the 'public depository act of 1907 and all acts amendatory thereof and supplemental thereto.'" Thus this paragraph and (d) of Section 16, *supra*, establish that the same construction placed upon the term "deposit" and

"public deposit" in the Acts of 1907, *supra,* must prevail and includes these certificates of deposit.

The first proviso of Section 2, *supra,* means that any money on deposit prior to the first Monday in January, 1933, including certificates of deposit, shall be secured as they were at the time of deposit—in the instant case prior to the first Monday in January, 1933, and are, therefore, secured as deposits were secured under the Act of 1907, *supra.* It follows, then, in accordance with the second proviso, that all money represented by these certificates of deposit and including the money in the checking account of the appellee prior to the first Monday in January, 1933, is "old money."

This judgment is reversed with instructions to grant appellants' motion for a new trial.